**IN THE DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**MICHAEL DOBBS LAND, FAMILY BARBER**
**SHOP, DONNA JOHNSON ROBERTS,**
**MATTHEW JAMES SHREVE, SANDY**
**HARDACRE, NAKOSHA JEAN BEALL and**
**CHRISTIE SHEDD RAMSEY**

      **PLAINTIFFS**

                            **Civil Action No.** __3:20-cv-313-CWR-FKB__

      **v.**

**GOVERNOR TATE REEVES, in his Official**
**Capacity; MAYOR MARY HAWKINS-BUTLER,**
**in her Official Capacity; and JOHN DOES 1-10**

      **DEFENDANTS**

---

**COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND**
**PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES**
**(JURY TRIAL REQUESTED)**

---

      **COME NOW**, Mike Land, Family Barber Shop, Donna Johnson Roberts, Matthew

James Shreve, Sandy Hardacre, Nakosha Jean Beall and Christie Shedd Ramsey and file

this, their Complaint for Temporary Restraining Order and Preliminary and Permanent

Injunctive Relief and Damages against the Defendants, Governor Tate Reeves, in his

Official Capacity and Mayor Mary Hawkins-Butler, in her Official Capacity; and John

Does 1-5 who are individuals or entities that have or may have contributed to the causes of

action which arise hereunder; and would show unto the Court the following:

## INTRODUCTION

1.  In the wake of the novel coronavirus, the State of Mississippi, through Governor

Reeves, hastily introduced a number of executive orders to slow the spread of COVID-19.

While the orders may be well-intentioned, they have eviscerated the constitutional rights

of Plaintiffs.

2.   Notwithstanding that the executive orders violate Plaintiffs' constitutional rights, as discussed further below, they have financially crippled the Plaintiffs.  Because of the Governor's irrational, indefensible and insulting executive orders, declaring certain business to be essential and non-essential, Plaintiffs may never financially recover from the Governor's orders.

3.   When Michael Land ("Land"), owner of Family Barber Shop, could not wait any longer to reopen his shop, and to allow his staff to get back to work to earn a much needed living and to take care of their families, he made the decision to go back to work and open his shop all the while taking all necessary precautions to not put any of his staff or clients at increased risk for COVID-19.  At that time, whoever wanted to work at his shop was allowed to work as long as they took necessary precautions, including wearing a face mask and gloves.

4.   But the Mayor took it upon herself to order the Madison Police Department to shut Land down, furthering the constitutional violations of the Governor's executive order and adding insult to injury. *See* Exhibit "1", Letter from the City of Madison signed by Defendant Hawkins-Butler.[1]

5.   As such, Plaintiffs bring this action challenging the constitutionality of the Defendants' actions, which have deprived them of numerous rights, privileges, immunities

---

[1] The letter references a city in Sweden – Solleftea.  This is Madison's "sister city".  Sweden is taking a completely different approach to the pandemic and news report show that its population is over 10 million and that Sweden has had more than 2,500 deaths associated with the virus.  However, the death rate in Sweden is "significantly lower than Europe's worst-hit countries", which have been locked down.     *See*     https://www.businessinsider.com/coronavirus-what-life-is-like-sweden-with-no-lockdown-guidelines-2020-5.  It is sad that as the most-free country on earth, the United States is forcing its citizens to become reliant on the government for basic needs and refusing to let those who want to work, work.  Perhaps there is more to learn from Sweden.

and liberties under both the United States Constitution and the Mississippi Constitution. In doing so, Plaintiffs seek the following: 1) equitable and injunctive relief to enjoin the enforcement of the Governor's orders and the Mayor's enforcement; 2) declaratory relief from this Court in declaring that the Governor's orders violate the Plaintiffs' civil rights under 42 U.S.C. § 1983 of the Federal Civil Rights Act; the Due Process and Equal Protection Clauses of the 5th and 14th Amendments to the United States Constitution; the Freedom of Speech Clause of the 1st Amendment of the United States Constitution; and Article 3, Sections 13, 14, 17; attorneys' fees and costs for work done by Plaintiffs' counsel in connection with this lawsuit in an amount according to proof; and for such other and further relief as is warranted and the Court deems appropriate.

## JURISDICTION AND VENUE

6. This action arises 42 U.S.C. § 1983 in relation to Defendants' deprivation of Plaintiffs' constitutional rights to freedom of speech, due process and equal protection rights under the 1st, 5th and 14th Amendments to the United States Constitution. Accordingly, this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343. This Court has authority to award the requested declaratory relief under 28 U.S.C. § 2201; the requested injunctive relief and damages under 28 U.S.C. § 1343(a); and attorneys' fees and costs under 42 U.S.C. § 1988.

7. The Southern District of Mississippi is the correct venue for this action because it is the District in which the Defendants maintain offices and/or do substantial official government work in, exercise their authority in their official capacities, and continue to enforce the executive orders; and is the District in which substantially all of the events giving rise to the claims occurred.

## PARTIES

8.   Plaintiff Michael Dobbs Land owns and runs Family Barber Shop.  He is an adult male citizen of the State of Mississippi and has owned Family Barber Shop for the last 21 (twenty-one) years.  Land's business is licensed for both a barbers shop and cosmetology.  Land has applied for unemployment and has only received two (2) weeks' worth of unemployment.  He has three children and cares for one at home.

9.   Plaintiff, Family Barber Shop is Mike Land's business, d/b/a as Family Barber Shop, located in Madison, Mississippi and is the location where all Plaintiffs practice their art.

10. Plaintiff Donna Johnson Roberts ("Roberts") is an adult female citizen of the state of Mississippi and is a licensed cosmetologist.  She has been without income for the last six (6) weeks.  She is widowed and has no spouse to rely upon for additional income.  She additionally takes care of her disabled mother.  Roberts has applied for unemployment but has not yet received it.

11. Plaintiff Nakosha Jean Beall ("Beall") is an adult female citizen of the State of Mississippi and a licensed barber.  She is not married and has three children whom she supports.  She has applied for unemployment, but has not yet received it.  She has been without income for six (6) weeks.

12. Plaintiff Sandy Hardacre ("Hardacre") is an adult female citizen of the State of Mississippi and a licensed barber.  She is married and has two children. She has not applied for any unemployment.  She assists her nephew with bills as he is in the military and school.

13. Plaintiff Matthew Thomas Shreve ("Shreve") is an adult male citizen of the State of Mississippi.  He is a licensed barber and has been without income or work since the

middle of March 2020.  He is married and has one child that he takes care of.  He is in the process of applying for unemployment.

14. Plaintiff Christie Shedd Ramsey ("Ramsey") is an adult female citizen of the State of Mississippi.  She is a licensed barber and has been without income or work since March 22, 2020.  She has recently received unemployment benefits on April 29, 2020.

15. Defendant Governor Tate Reeves ("Governor") is the Governor of the State of Mississippi, is sued in his official capacity, and is responsible for the Executive Orders complained about herein.  Governor may be served with process by serving a copy of the summons and complaint to the Attorney General of the State of Mississippi pursuant to Rule 4 of the Mississippi Rules of Civil Procedure at 550 High Street, Suite 1200, Jackson, MS 39205.  A courtesy copy of the Complaint will be emailed to him at governor@govreeves.ms.gov.

16. Defendant Mayor Mary Hawkins ("Mayor") is the Mayor of Madison, Mississippi, is sued in her official capacity, and is responsible for the enforcement action taken against Family Barber Shop, Mike Land, and the threats to other stylists as demonstrated in Exhibit "1".  Mayor may be served with process by serving her or her designee at 1004 Madison Avenue, Madison, MS 39110.  A courtesy copy of this Complaint will be emailed to her at Mayor@madisonthecity.com     and     to     her     legal     department     at cbrannon@madisonthecity.com.

17. Defendants John Does 1-10 are individuals, entities or agents who are yet unknown to Plaintiffs who has or may have liability in this matter.  Plaintiffs request this Court to grant leave to amend the Complaint to add those parties when they are identified and have the Amended Complaint relate back to the original filing.

## FACTS

18. On March 14, 2020, the Governor issued a Proclamation declaring a State of Emergency in the State of Mississippi as a result of COVID-19.

19. On March 23, 2020, the Governor issued Executive Order No. 1463 ("EO 1463") effective until April 17, 2020, purporting to order Mississippians to "avoid social and other non-essential gatherings in groups of more than 10 people" (but not applying this limitation to airports, medical and healthcare facilities, retail shopping, grocery and department stores, offices, factories, and others).  Restaurants, bars and other dining establishment were permitted to stay open if they would allow no more than 10 people to be gathered in the same place.

20. The Governor's EO 1463 was promulgated pursuant to Miss. Code Ann. § 33-15-11(c)(4).

21. EO 1463 listed essential businesses to include, *inter alia*, the government, hospitals, fuel, grocery, supermarkets, bars, liquor stores, legal services, construction, and other business.  Barbershops and hair stylists are not included on the "essential businesses" list.

22. EO 1463 was supplemented on March 26, 2020.[2]  This supplementation is a clarifying order, stating that local governments can't be less restrictive than the Governor's Orders.

23. On March 31, 2020, the Governor issued Executive Order No. 1465 ("EO 1465") which ordered Lauderdale County to "Shelter in Place".[3]

24. The next day, April 1, 2020, the Governor issued Executive Order No. 1466 ("EO

---

[2] https://www.sos.ms.gov/content/executiveorders/ExecutiveOrders/SupplementEO1463.pdf (last accessed May 3, 2020).
[3] https://www.sos.ms.gov/content/executiveorders/ExecutiveOrders/1465.pdf (last accessed May 3, 2020).

1466") instituting a statewide "Shelter in Place" effective at 5PM Friday, April 3, 2020 until 8AM Monday, April 20, 2020.[4]

25. On April 17, 2020, the Governor extended his "Shelter in Place" order via Executive Order No. 1473.[5] This extends "Shelter in Place" until 8AM Monday, April 27, 2020. The Governor allowed some business to allow retail sales by drive through, curbside, or delivery services. Barbering and hair styling is still shut down. Ironically, while people are out of work and the Governor is financially crippling his citizens through these orders, recreational boating is now allowed to the extent 50% occupancy of the boat is followed. "Essential Activities" was amended to "permit recreational boating, fishing and use of beaches…"

26. On April 24, 2020, the Governor issued his "Safer at Home" Executive Order 1477 ("EO 1477"). Salons and barber shops are still closed. Liquor stores are still open. Golf courses are open and never appear to have been shuttered. This order is to remain in effect until May 11, 2020.

27. Arkansas is opening barber shops and salons as of May 6, 2020. Arkansas sets forth reasonable rules and regulations as to how those shops can open.[6] Plaintiffs could and would follow these recommendations should they be allowed to reopen immediately.

28. Oklahoma allowed barber shops and salons on April 24, 2020 as long as they followed strict sanitation procedures.[7] As of May 3, 2020, Oklahoma has 3,851 cases and

---

[4] https://www.sos.ms.gov/Education-Publications/ExecutiveOrders/1466.pdf (last accessed May 3, 2020).

[5] https://www.sos.ms.gov/content/executiveorders/ExecutiveOrders/1473.pdf (last accessed May 3, 2020).

[6] https://www.healthy.arkansas.gov/images/uploads/pdf/FinalCosmetology-UPDATED-05220.pdf (last accessed 5.3.2020).

[7] https://www.koco.com/article/watch-gov-stitt-providing-update-on-oklahoma-coronavirus-response/32240016# (last accessed 5.3.2020).

has had 238 deaths.

29. Georgia allowed hair salons and barber shops, fitness centers and massage therapy centers to reopen on April 24. As of May 2, 2020, Georgia had 28, 331 cases and 1,175 deaths.[8]

30. Mississippi has listed 7,441 cases, as of May 3, 2020 and 291 reported deaths.[9]

31. Plaintiffs were, under penalty of fine and imprisonment, ordered to cease work and cease providing themselves and their families a living. Their business has been commandeered by the State of Mississippi under Governor Reeves' Executive Orders and ordered shut down.

32. None of the Plaintiffs have been compensated due to the commandeering and Plaintiffs have been out of work for approximately six (6) weeks.

33. While "essential" businesses, including liquor stores and abortion providers, were allowed to continue to operate and turn a profit, Plaintiffs' "non-essential" services have suffered immensely at the hands of government overreach and unconstitutionally restrictive orders passed and enforced by Defendants which have had immense disparate impact across their businesses.

34. Plaintiffs have standing to bring this action since they are aggrieved businesses that are the subject of the overbroad and unconstitutional Executive Orders, which have the effect of forcing Plaintiffs, and all similarly situated, to bear a public burden by entirely eviscerating their ability to operate their respective businesses.

35. Defendants' Orders and enforcement of those Orders violates Plaintiffs

---

[8] https://www.augustachronicle.com/news/20200502/may-2-georgia-at-28331-covid-19-cases-1175-deaths (last accessed 5.3.2020).
[9] https://msdh.ms.gov/msdhsite/_static/14,0,420.html (last accessed 5.3.2020).

constitutional rights as follows:

a. Under the First Amendment to the United States Constitution as Plaintiffs have a freedom of speech interest in their expressive conduct in styling hair.

b. Under the Due Process and Equal Protection clauses of the Fifth and Fourteenth Amendments in that they unconstitutionally and disparately apply one set of rules to businesses arbitrarily deemed "essential" versus other businesses (such as Plaintiffs') that are deemed "non-essential". Plaintiffs believe that all businesses in Mississippi are essential to the health, welfare and well-being of its citizens, and that the general health outcome sought through the passage of these orders could be accomplished through vastly less restrictive means.

c. The Orders amount to an impermissible taking in violation of the Takings Clause of the Fifth Amendment, in that the prohibition of Plaintiffs' operation of their "non-essential" businesses constitutes a regulatory taking of private property, for public purpose, without providing just compensation therefor. The Orders violate the Takings Clause of the Fifth Amendment in that the complete prohibition on the business operations of Plaintiffs' businesses constitutes an irrational, arbitrary and capricious law bearing no rational basis to the state governmental interest. This shutdown has crippled Plaintiffs', and all similarly situated, businesses in the State of Mississippi.

d. The Orders violate the substantive and procedural due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

e. The Orders further violate Article 3, Sections 13, 14, 17 of the Constitution of the State of Mississippi.

36.  The Executive Orders are not narrowly tailored to further the stated governmental interest.  Defendants allow other businesses to operate and have granted numerous exceptions to the bans on gatherings and conduct, including for "essential" businesses and activities, which Defendants should be mandated to allow for Plaintiffs as Plaintiffs' businesses can adhere to social distancing guidelines and best practices sanitation and disinfecting procedures as the other "essential" businesses.

37. But, instead of trying to help the citizens of Mississippi, these Orders have crippled the so-called "non-essential" businesses, including Plaintiffs'.  Plaintiffs' have a liberty interest and economic interest in being allowed to practice their profession.  Plaintiff Mike Land and Family Barber Shop have received a shut down order by the Madison Police Department on the Mayor's order due to their violation of the Governor's Orders.

38. All Plaintiffs want to work.  All Plaintiffs will comply with the guidelines, but they do not want to be jailed for trying to work and provide a living for themselves and their families.

39. Further, no Plaintiff has been sick with the coronavirus, nor has anyone at Family Barber Shop been sick with the coronavirus.

40. Additionally, US Attorney General, William P. Barr stated that if citizens filed lawsuits against their states over these order, the Justice Department will "take a look at it" and "take a position" if it seems justified.[10]  The Justice Department did get involved in a case in the Northern District of Mississippi, filing a Statement of Interest in support of the church's lawsuit again Greenville because churches were deemed "non-essential" by the

---

[10] https://www.cbsnews.com/news/william-barr-attorney-general-coronavirus-shutdown-legal-action-threats/ (last accessed May 3, 2020).

mayor of Greenville.[11]

41. As such, a copy of this Complaint is being sent to the US Justice Department and a certification to that effect is included at the end of this Complaint.

## COUNT I
## Violation of the Fifth Amendment

42. Plaintiffs readopt and reassert all allegations set forth previously.

43. While not explicitly defined in the U.S. Constitution, the Supreme Court has "acknowledged that certain unarticulated rights are implicit in enumerated guarantees. … Yet these important but unarticulated rights [association, privacy, presumed innocent, etc.] have nonetheless been found to share constitutional protection in common with explicit guarantees." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 579-580 (1980).

44. The right to travel is a part of the liberty of which the citizen cannot be deprived without the due process of law under the Fifth Amendment." *Kent v. Dulles,* 357 U.S. 116, 127 (1958).

45. Courts have found that "[f]reedom of movement is kin to the right of assembly and to the right of association. These rights may not be abridged. *Aptheker v. Secretary of State*, 378 U.S. 500, 520 (1964).

46. Requiring Plaintiffs to abstain from conducting business operations, even those in compliance with the CDC's social distancing guidelines, violates Plaintiffs' Constitutional right to travel.

47. When a government practice restricts fundamental rights like the right to travel, it is subject to "strict scrutiny" and can be justified only if it furthers a compelling

---

[11] https://www.cbsnews.com/news/justice-department-church-greenville-mississippi-coronavirus-order/ (last accessed May 3, 2020).

government purpose, and, even then, only if no less restrictive alternative is available. *See, e.g. Memorial Hospital v. Maricopa County*, 415 U.S. 250, 257-258 (1974); *Dunn v. Blumstein*, 405 U.S. 330, 339-341 (1972); *Shapiro v. Thompson*, 394 U.S. 618, 89 (1969), *Maher v. Roe*, 432 U.S. 464, 488 (1977).

48. Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants and their officers and agents, are enjoined from implanting and enforcing the Orders as applied and facially against Plaintiffs.

## COUNT II
### Violations of Plaintiff's First Amendment Right to Freedom of Speech

49. Plaintiff readopts and reasserts all allegations set forth previously.

50. Plaintiffs are hair stylists and barbers.  They are licensed and engage in protected expressive conduct and "speech" through their work as hair stylists.  They take a customer's order, be it a coloring of the hair, a certain cut the customer wants, or in many cases, the customer will leave it up to the stylist/barber's creativity.

51. The Defendants are violating the Plaintiffs' First Amendment rights as they are no longer allowed to exercise this right due to the Orders and the enforcement of these Orders.

## COUNT III
### Due Process Clause of the Fourteenth Amendment

52. Plaintiff readopts and reasserts all allegations set forth previously.

53. Plaintiffs have a fundamental property interest in conducting lawful business activities that are protected by the Due Process Clause of the Fourteenth Amendment.

54. The Orders and Defendants' enforcement thereof, violate Plaintiffs' substantive due process rights secured by the Fourteenth Amendment to the U.S. Constitution. Under

the Due Process Clause of the Fourteenth Amendment, no State shall "deprive any person of life, liberty, or property, without due process of law." The fundamental liberties protected by this Clause include most of the rights enumerated in the Bill of Rights. *See Duncan v. Louisiana*, 391 U.S. 145, 147–149 (1968). In addition, these liberties extend to certain personal choices central to individual dignity and autonomy, including intimate choices that define personal identity and beliefs. *See, e.g., Eisenstadt v. Baird*, 405 U.S. 438, 453 (1972); *Griswold v. Connecticut*, 381 U.S. 479, 484–486 (1965).

55. Defendants' Orders, which expressly deprive Plaintiffs of their rights and liberties in lawfully operating their businesses by ordering the closure of "Non-Essential" businesses, did not afford Plaintiffs with a constitutionally adequate hearing to present their case for their businesses to not be shut down. At a minimum, Plaintiffs aver that they should have been able to decide for themselves whether to "shut down" if their businesses / business models were not equipped to properly deal with health and safety guidelines issues by the federal and Mississippi state governments in connection with the COVID-19 crisis.

## <u>COUNT IV</u>
## <u>Violation of the Equal Protection Clause of the Fourteenth Amendment</u>

56. Plaintiff readopts and reasserts all allegations set forth previously.

57. The Equal Protection Clause functions as a constitutional guarantee that no person or group will be denied the protection of the law that is enjoyed by similar persons or groups.

58. The Orders and Defendants' enforcement of said Orders violate the Fourteenth Amendment, facially and as-applied to Plaintiffs. The Fourteenth Amendment requires the state to govern impartially and to not draw arbitrary distinctions between businesses bases solely on distinctions that are irrelevant to legitimate governmental interests.

59. Essential businesses can continue to operate and make money for their family. Non-essential businesses have been arbitrarily given an economic death sentence. Defendants Orders and enforcement of those Orders cannot satisfy heightened scrutiny because their arbitrary classification is not sufficiently or narrowly tailored to the stated objective.

## COUNT V
## Violation of the Takings Clause of the Fifth Amendment

60. Plaintiff readopts and reasserts all allegations set forth previously.

61. The Supreme Court has long held that "the Fifth Amendment…was designed to bar Government from forcing people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *See Armstrong v. United States* (1960) 364 U.S. 40, 49.

62. While Mississippi's police power is inherent in a sovereign government and reserved specifically by the Tenth Amendment, it is not without limit.

63. Defendants' Orders and the enforcement thereof has caused both a complete and total regulatory and physical taking of Plaintiffs' property without just compensation in violation of the Takings Clause of the Fifth Amendment to the U.S. Constitution. At a minimum, the effect of Defendants' Orders constitutes a "partial" taking under the *Penn Central* three-factor test. *See Penn Central Trans. Co. v. City of New York*, 438 U.S. 104, 124 (1978). As a result, Defendants' blatant violation of the Takings Clause of the 5th Amendment has caused proximate and legal harm to Plaintiffs.

## COUNT VI

**<u>Violation of the Mississippi Constitution Article 3, Sections 13, 14, 17</u>**

64. Plaintiff readopts and reasserts all allegations set forth previously.

65. Article 3, Section 13 of the Mississippi Constitution provides, in part, that "The freedom of speech and of the press shall be held sacred…"  Defendants violate Plaintiffs protected speech as discussed *supra*, and incorporated herein.

66. Article 3, Section 14 of the Mississippi Constitution provides that "No person shall be deprived of life, liberty, or property except by due process of law."  Plaintiffs have been deprived of liberty and property and have had no meaningful due process available to them.  Plaintiffs cannot operate their businesses under threat of fine and prison!  For styling and cutting hair even though they are licensed to do so and have been trained in sanitation and disinfection procedures by their respective license boards.

67. Article 3, Section 17 of the Mississippi Constitution provides, in part, that "Private property shall no be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner prescribed by law…"

68. Defendants' Orders and enforcement thereof is a de facto taking of Plaintiffs' property, for public use, without compensation, and violates Article 3, Section 17.

**<u>COUNT VII</u>**
**<u>Violation of Miss. Code Ann. 33-15-11(c)(3)</u>**

69. Plaintiff readopts and reasserts all allegations set forth previously.

70. Miss. Code Ann.  33-15-11 provides the basis for the Governor's Orders.  It is referenced in his Orders.

71. Miss. Code Ann. 33-15-11(c)(3) provides that the Governor has power to "commandeer or utilize any private property if necessary to cope with a disaster or emergency, provided that such private property so commandeered or utilized shall be paid

for under terms and conditions agreed upon by the participating parties. The owner of said property shall immediately be given a receipt for the said private property and said receipt shall serve as a valid claim against the Treasury of the State of Mississippi for the agreed upon market value of said property."

72. The Governor has done just this.  He has commandeered all non-essential businesses, including and specifically Plaintiffs' businesses without an agreement of the market value of said property.

73. He has done so through shutting these businesses down, for the purpose of "flattening the curve" and stopping interaction of individuals.[12]

74. As such, Defendant is liable to Plaintiff in the amount of "market value" for the time that Defendant has commandeered their businesses.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiffs request that this Court:

1) Issue a declaratory judgment with the following:

   a. Declare the Executive Orders unconstitutional, facially and as-applied to Plaintiffs, as to the First Amendment; as to the Fifth Amendment; as to the Fourteenth Amendment; contrary to the constitutional right, power, privilege, or immunity in violation of the United States and/or Mississippi Constitutions;

2) Set aside and hold unlawful Defendant's Orders and the Mayor's enforcement of those Orders both facially and as-applied to Plaintiffs;

---

[12] This is somewhat of a dubious intent, as major supermarkets continue to be open and operating.  A simple drive around town will demonstrate that these supermarkets and retail outlets are busier than ever with packed parking lots.

3)  Permanently enjoin Defendants and all persons and entities in active concert or participation with them, including local and state law enforcement from enforcing or implementing their Orders until this Court decides the merits of this lawsuit;

4)  Award Plaintiffs damages arising out of their Section 1983 claims for the violation of their constitutional rights;

5)  Award Plaintiffs reasonable market value of their commandeered businesses as required by Miss. Code Ann. 33-15-11;

6)  Award Plaintiffs their costs and attorneys' fees incurred in this action; and

7)  Grant all such other relief as the Court may deem just and proper.


**PLAINTIFF RESPECTFULLY REQUEST A JURY TRIAL ON ALL COUNTS SO TRIABLE**

Dated: May 3, 2020.

Respectfully Submitted,


/s/ Stephen D. Stamboulieh
Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 4008
Madison, MS  39130
(601) 852-3440
stephen@sdslaw.us
MSB# 102784
Counsel for Plaintiffs

## <u>CERTIFICATION AS TO DELIVERY TO THE<br>UNITED STATES ATTORNEY GENERAL</u>

I, Stephen D. Stamboulieh, hereby certify that on the date of the filing, I sent to the United States Attorney General, William P. Barr, by first class mail, postage prepaid to the following:

US Attorney General<br>
US Department of Justice<br>
950 Pennsylvania Avenue, NW<br>
Washington, DC 205300-0001

Date: May 3, 2020

*/s/ Stephen D. Stamboulieh*<br>
Stephen D. Stamboulieh
